IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | | |
|---|---|---|
| WOODELL MCGOWAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC d/b/a | ) | |
| SMITHFIELD HOG PRODUCTION | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to preclude "fear of" testimony or, alternatively, to limit expert "fear of" testimony. (DE # 94.) Plaintiffs have filed a response. (DE # 109.)

Defendant argues that any "fear of" testimony is irrelevant because North Carolina law does not permit the recovery for fear of future injury or harm as an element of damages for nuisance. Additionally, defendant contends, even if such testimony is permitted, the court should prohibit expert testimony on the subject until plaintiffs testify to having such fear, otherwise defendant will be unfairly prejudiced, the jury will be confused, and time will be wasted. Plaintiffs oppose defendant's motion on a number of grounds.

As defendant recognizes, the court has previously addressed plaintiffs' "fear of" evidence in ruling on defendant's motion for partial summary judgment. The court denied that motion, holding plaintiffs could offer evidence of their fear of disease or adverse health effects in support of discomfort and annoyance damages, which are recoverable for a nuisance under North Carolina law. In re NC Swine Farm Nuisance Litig., No. 5:15-CV-00013-BR, 2017 WL

5178038, at *11 (E.D.N.C. Nov. 8, 2017); see also id. at *8-10.  Defendant's request that the court exclude all evidence of fear of potential injuries would require the court to reconsider its earlier ruling, which the court declines to do.

As for defendant's alternative request to prohibit expert testimony about fear of future injury until a plaintiff testifies s/he has such fear, the court rejects it as well.  Other than Dr. Steve Wing (who is deceased and whose video deposition was taken), the court does not know precisely what any expert might say at trial about fear of adverse health effects.  Moreover, the expert testimony to which defendant cites does not justify requiring plaintiffs to first testify at trial about any fear of future injury s/he might have before an expert may testify about that fear.

Defendant cites to Dr. Wing's testimony regarding the scientific basis of concerns of neighbors of swine facilities about staph and water contamination.  (See Def.'s Mem., DE # 95, at 2 ("[D]uring his trial deposition, Dr. Wing testified that it would be 'reasonable' for neighbors of swine farms to be 'concerned' about future health issues." (citing Wing Dep., DE # 95-3, at 4).)  However, plaintiffs have not designated (or counter-designated for completeness) that portion of Dr. Wing's testimony to be used at trial.  (See Proposed Pretrial Order, DE # 102, at 162-70.)  Obviously, because the jury will not hear that particular testimony, prejudice to defendant, confusion, and wasted time will not result.

Defendant also cites to the testimony of Dr. Shane Rogers and Dr. James Merchant.  Dr. Rogers testified at the trial in a related case, McKiver v. Murphy-Brown, LLC, No. 7:14-CV-180-BR.  On cross-examination in response to a question about damage to the water at individual's homes, Dr. Rogers stated, "I don't remember if it's in this case or another—there was one report I had read that there was concern that perhaps some nutrients had gotten into the water, into the groundwater at one of the sites." (4/5/18 Rough Tr., DE # 95-2, at 2.)  Defendant

characterizes this testimony as "allud[ing] to 'concerns' that local residents would have regarding groundwater contamination caused by swine farms." (Def.'s Mem., DE # 95, at 2 (citation omitted).) Dr. Merchant did not testify at the McKiver trial. Defendant points to his deposition testimony. Dr. Merchant, referring to his expert report, states, "There is, I think, the basis in the literature and certainly based upon their own personal experience reasons for them [i.e., plaintiffs] to be concerned or even fearful that these exposures may adversely affect their health into the future." (Merchant Dep., DE # 83-2, at 43; see also id. at 42.)

If Drs. Rogers and Merchant were to testify similarly at the instant trial, and the plaintiffs did not subsequently testify s/he had such concerns or fears, prejudice to defendant, jury confusion, and wasted time will not result. Each expert qualified or limited his opinion on the subject. (See 4/15/18 Rough Tr., DE # 95-2, at 2 ("*I don't remember if it's in this case or another*—there was one report I had read that there was concern . . . .") (emphasis added); Merchant Report, DE # 83-1, at 51 ("a reasonable scientifically-supported basis exists for the health-related fears and concerns *that have been testified to by various of the Plaintiffs* in this case") ("*to the extent Plaintiffs are concerned or fearful* of breathing the foul odors from the hog operations . . . , they have a scientifically justified reason for concern") (emphases added).) The court presumes jurors will understand that testimony, along with plaintiffs' testimony and the court's instructions on the law, and thus would not find defendant "liable for injuries that the [plaintiffs] are not claiming," (Def.'s Mem., DE # 95, at 6).

For the foregoing reasons, defendant's motion to preclude "fear of" testimony or to limit

expert "fear of" testimony is DENIED.

This 17 May 2018.

_____
W. Earl Britt
Senior U.S. District Judge