IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | | |
|---|---|---|
| WOODELL MCGOWAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC d/b/a SMITHFIELD HOG PRODUCTION DIVISION, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant's motion in limine to exclude or limit the expert testimony of Shane Rogers, Ph.D. pursuant to Federal Rules of Evidence 403 and 702 and in accordance with Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). (DE # 96.) Plaintiffs have filed a response in opposition to the motion. (DE # 113.)

The court is aware of its gatekeeping function under Rule 702 and Daubert in regards to expert testimony, as the Fourth Circuit Court of Appeals has summarized.

> [A] district court's gatekeeping responsibility [is] to "ensur[e] that an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand."
> Relevant evidence, of course, is evidence that helps "the trier of fact to understand the evidence or to determine a fact in issue." To be relevant under *Daubert*, the proposed expert testimony must have "a valid scientific connection to the pertinent inquiry as a precondition to admissibility."
> With respect to reliability, the district court must ensure that the proffered expert opinion is "based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Daubert* offered a number of guideposts to help a district court determine if expert testimony is sufficiently reliable to be admissible. First, "a key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested." A second question to be considered by a district court is "whether the theory or technique has been subjected to peer review and publication." Publication regarding the theory bears upon peer review; "[t]he fact

of publication (or lack thereof) in a peer reviewed journal will be a relevant, though not dispositive, consideration in assessing the scientific validity of a particular technique or methodology on which an opinion is premised." Third, "in the case of a particular scientific technique, the court ordinarily should consider the known or potential rate of error." Fourth, despite the displacement of *Frye*, "'general acceptance'" is nonetheless relevant to the reliability inquiry. "Widespread acceptance can be an important factor in ruling particular evidence admissible, and a known technique which has been able to attract only minimal support with the community may properly be viewed with skepticism." *Daubert's* list of relevant considerations is not exhaustive; indeed, the Court has cautioned that this "list of specific factors neither necessarily nor exclusively applies to all experts or in every case," and that a trial court has "broad latitude" to determine whether these factors are "reasonable measures of reliability in a particular case."

Nease v. Ford Motor Co., 848 F.3d 219, 229 (4th Cir.) (citations omitted) (most alterations in original), cert. denied, 137 S. Ct. 2250, 198 L. Ed. 2d 680 (2017).

Dr. Rogers is an environmental engineer and provided expert testimony at the trial in a related case, McKiver v. Murphy-Brown, LLC, No. 7:14-CV-180-BR. There, the court found Dr. Rogers to be an expert in environmental engineering, animal waste management engineering and technology, and microbiology. McKiver, 4/4/18 Tr., at 7. In ruling on defendant's motion to exclude or limit Dr. Rogers' testimony in McKiver, the court stated:

> Now, the Court finds that in carrying out its Daubert responsibilities, that his proposed testimony is both reliable and relevant and that the objections and questions regarding his testimony go to the weight and may be covered on cross-examination except insofar as defendant contends that some questions are being -- that he may be asked questions outside of the field of his expertise, and the Court obviously is confronted with that question with every expert witness and there will be questions that will be posed to the witness that defendant will contend do not fit the area of expertise which the Court has found him to be in.
> And I'm not suggesting this, but I'm just saying, as examples, defendants contend in their arguments, their briefs, that Dr. Rogers is not an expert in the field of entomology, nor in business relations, employment or finance. So we'll just have to wait and when a question is asked, if you don't feel -- if counsel [f]or defendant doesn't feel that it fits within the field of area of expertise that I have found, I'll be glad to hear your argument on it at that time.

Id. at 7-8.

The court stands by its earlier conclusion that Dr. Rogers' proposed testimony is relevant and reliable. The court has also considered exclusion under Rule 403 and concludes that the probative value of Dr. Rogers' testimony is not outweighed by the danger of unfair prejudice. Therefore, the court will not exclude Dr. Rogers' testimony in its entirety. If plaintiffs tender, and the court accepts, Dr. Rogers as an expert in a given area, the court will consider any objection defendant raises to questions that will call for testimony outside the area(s) of his expertise.

For the foregoing reasons, defendant's motion in limine to exclude or limit the expert testimony of Dr. Rogers is DENIED.

This 18 May 2018.

_____
W. Earl Britt
Senior U.S. District Judge