IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MURPHY-BROWN, LLC d/b/a | ) |
| SMITHFIELD HOG PRODUCTION | ) |
| DIVISION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on defendant's motion to exclude or limit the expert testimony of James Merchant, M.D., Dr.P.H. pursuant to Federal Rules of Evidence 403 and 702, Federal Rule of Civil Procedure 37, and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). (DE # 82.) Plaintiffs have filed a response in opposition to the motion. (DE # 111.)

On summary judgment briefing, the court denied defendant's motion in limine to exclude Dr. Merchant's testimony in its entirety. In re NC Swine Farm Nuisance Litig., No. 5:15-CV-00013-BR, 2017 WL 5178038, at *15 (E.D.N.C. Nov. 8, 2017). Subsequently, and during the trial in a related case, the court allowed in part and denied in part defendant's motion to exclude Dr. Merchant's testimony. In relevant part, the court stated:

> The court is aware of its gatekeeping function under Rule 702 and Daubert in regards to expert testimony, as the Fourth Circuit Court of Appeals has summarized.
>> [A] district court's gatekeeping responsibility [is] to "ensur[e] that an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand."
>> Relevant evidence, of course, is evidence that helps "the trier of fact to understand the evidence or to determine a fact in issue." To be relevant under *Daubert*, the proposed expert

testimony must have "a valid scientific connection to the pertinent inquiry as a precondition to admissibility."

With respect to reliability, the district court must ensure that the proffered expert opinion is "based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Daubert* offered a number of guideposts to help a district court determine if expert testimony is sufficiently reliable to be admissible. First, "a key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested." A second question to be considered by a district court is "whether the theory or technique has been subjected to peer review and publication." Publication regarding the theory bears upon peer review; "[t]he fact of publication (or lack thereof) in a peer reviewed journal will be a relevant, though not dispositive, consideration in assessing the scientific validity of a particular technique or methodology on which an opinion is premised." Third, "in the case of a particular scientific technique, the court ordinarily should consider the known or potential rate of error." Fourth, despite the displacement of *Frye*, "'general acceptance'" is nonetheless relevant to the reliability inquiry. "Widespread acceptance can be an important factor in ruling particular evidence admissible, and a known technique which has been able to attract only minimal support with the community may properly be viewed with skepticism." *Daubert's* list of relevant considerations is not exhaustive; indeed, the Court has cautioned that this "list of specific factors neither necessarily nor exclusively applies to all experts or in every case," and that a trial court has "broad latitude" to determine whether these factors are "reasonable measures of reliability in a particular case."

Nease v. Ford Motor Co., 848 F.3d 219, 229 (4th Cir.), cert. denied, 137 S. Ct. 2250, 198 L. Ed. 2d 680 (2017) (citations omitted) (most alterations in original).

Defendant seeks to exclude the expert testimony of Dr. Merchant, who has an extensive background in public health and epidemiology, on 13 topics. The motion essentially amounts to a request to exclude his testimony in its entirety. As the court has previously ruled, it declines to bar him from testifying, [see In re NC Swine Farm Nuisance Litig., No. 5:15-CV-00013-BR, 2017 WL 5178038, at *15 (E.D.N.C. Nov. 8, 2017)], and accordingly will deny defendant's motion in this regard. The court will, however, allow defendant's motion to the extent necessary to limit Dr. Merchant's testimony in certain aspects. The court concludes that the following topics are not within Dr. Merchant's expertise: complaint-driven systems (topic 8); corporate responsibility (topic 12); and

2

warnings (topic 13). The court further concludes that Dr. Merchant's testimony about the following topics would not be helpful to the jury: occupational exposures (topic 9); and *defendant's* knowledge of community health effects studies (topic 11), except that Dr. Merchant may testify as to the *state* of knowledge regarding community health effects as shown by pertinent scientific studies and literature.

McKiver v. Murphy-Brown LLC, No 7:14-CV-180-BR, 2018 WL 1662103, at *1-2 (E.D.N.C. Apr. 5, 2018).

Here, defendant raises virtually identical arguments about Dr. Merchant's proposed testimony as it did in McKiver. For the reasons stated in that case, defendant's motion to exclude or limit the expert testimony of Dr. Merchant is ALLOWED IN PART and DENIED IN PART.

This 18 May 2018.

_____
W. Earl Britt
Senior U.S. District Judge