IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MURPHY-BROWN, LLC d/b/a | ) |
| SMITHFIELD HOG PRODUCTION | ) |
| DIVISION, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the following motions in limine:

Plaintiffs' Motion to Exclude Evidence or Arguments Regarding Hiring an Attorney (DE # 129);

Plaintiffs' Motion to Exclude Medical Records (DE # 131); Plaintiffs' Motion to Exclude Evidence of Dismissed and Abandoned Claims and Parties (DE # 133); Plaintiffs' Motion to Exclude Expert Testimony from Defendant's Lay Witnesses (DE # 135); Defendant's Motion to Exclude Evidence of Alternative Technologies Used at Swine Farms in Other States (DE # 140); Defendant's Motion to Exclude Worker Health Related Evidence (DE # 144); Defendant's Motion to Exclude Misleading Financial Evidence (DE # 148); Defendant's Motion to Exclude Evidence of Lobbying and Other Political Activity (DE # 154); and Defendant's Motion to Exclude References to and Evidence of Chinese Ownership, Exports of Pork to China and Other Asian Nations, and Racial Issues (DE # 164).

1. Plaintiffs move to exclude evidence or arguments regarding hiring an attorney pursuant to Federal Rules of Evidence 401 and 403. (DE # 129.) Defendant has filed a response in opposition to the motion. (DE # 197.) In the related case of McKiver v. Murphy-Brown LLC,

No. 7:14-CV-180-BR, plaintiffs filed a virtually identical motion, which the court allowed. However, in doing so, the court suggested such testimony could possibly be relevant under certain circumstances and added the caveat that if during the trial defendant's counsel believed testimony on these issues would be appropriate and should not be excluded, i.e., fitting within the parameters of what the court suggested would be allowable, counsel could approach the bench and the court would hear argument. McKiver, (DE # 297, at 148:4–20). Defendant argues this case requires a different result, because here plaintiffs' retention of counsel is relevant to their "fear of" claims, complaints of odor, and the nature and extent of alleged injuries. The court disagrees, and, for the reasons stated in the McKiver case, the motion is ALLOWED with the caveat that defendant's counsel may request a bench conference at trial consistent with the court's prior ruling.

      2.     Plaintiffs move to exclude medical records pursuant to Federal Rules of Evidence 401, 402, and 403. (DE # 131.) Defendant has filed a response in opposition to the motion. (DE # 182.) The court considered this issue on plaintiffs' virtually identical motion in the McKiver case, and allowed in part and denied in part the motion, reasoning as follows:

> Whether the plaintiff or the witness had any of the conditions you're talking about is relevant and you certainly may ask the witness about that. And if the witness states an answer that is different from what the witness told the doctor or was treated for by the doctor, you may use the medical records for that purpose to show that. You may not just broadly introduce the medical records other than that type use.

McKiver, (DE # 297, at 137:17–240. Defendant argues that the deposition testimony of plaintiffs in this case, e.g., Vonnie Williams' testimony that the farm made her allergies worse and Elvis Williams' testimony that he believed the odor from the farm could be harmful to his long-term health, render their medical records directly relevant. The court disagrees and finds that its ruling in the McKiver case is appropriate here. Plaintiffs' motion is ALLOWED IN PART and

2

DENIED IN PART, such that defendant may not broadly introduce plaintiffs' medical records, but may use them to impeach a witness whose testimony is contradicted by evidence contained in the medical records.

    3.    Plaintiffs move to exclude evidence of dismissed and abandoned claims and parties. (DE # 133.) Defendant has filed a response in opposition to the motion. (DE # 193.) In the McKiver case, plaintiffs filed a similar motion, which the court allowed in part and denied in part. McKiver, (DE # 194, at 2). In doing so, the court ruled that while some evidence (not at issue in this case) was relevant to causation and would be allowed, "the defendant was precluded from introducing evidence of growers named as defendants in prior proceedings and plaintiffs' dismissed or abandoned claims." Id. Defendant argues that at trial the McKiver plaintiffs repeatedly offered testimony regarding their desire for "change," and plaintiffs' counsel argued to the jury as to why the McKiver plaintiffs did not seek injunctive relief or sue the grower, but that pursuant to the court's ruling, defendant was unable to cross-examine the McKiver plaintiffs on these issues. To the contrary, defendant did address in the McKiver trial what it characterizes as plaintiffs' persistent theme of change. For example, in his opening statement, defendant's counsel stated, "So what is a nuisance case? It's not seeking injunctive relief. They could come to court and say, we have science to say you have to cover a lagoon, we have science to say you have to shut down the farm. They're not asking that. They're asking for financial compensation." McKiver, (DE # 285, at 117:19–23). After one plaintiff testified about her complaints regarding the farm and her hope for change, on recross-examination defendant's counsel challenged her testimony by asking, "any of these issues that you've talked to the jury about now are nothing that you ever complained of to the county or to any of those same people, even to Mr. Kinlaw, at any point prior to getting involved in this lawsuit; is that right?" McKiver,

(DE # 290, at 45:22–46:1). And, in closing, defendant's counsel argued, "[i]n a nuisance case – most nuisance cases ask for injunctive relief. Ask the Court to determine there is a problem and to fix it. Tell them to cover the lagoon, tell them to move the road. You'll see they're not asking for that. . . . [they] are asking for money. Pure and simple. That's what this is about." McKiver, (DE # 296, at 66:1–7). The court finds, consistent with its ruling in McKiver, that evidence of dismissed and abandoned claims and parties is not relevant in this case and, further, presents a substantial risk of causing jury confusion. Plaintiffs' motion is ALLOWED.

    4. Plaintiffs move to exclude expert testimony from defendant's lay witnesses. (DE # 135.) Defendant filed a response in opposition to the motion. (DE # 195.) Defendant argues that (1) much of the testimony Plaintiffs seek to limit is fact, not opinion, testimony; (2) the witnesses may offer opinion testimony regarding scientific or technical subjects on which they have particularized knowledge by virtue of their positions or which were discussed in their 30(b)(6) depositions; (3) if the court finds that the witnesses need to be designated as experts in order to testify regarding any of the subjects discussed in plaintiffs' motion, defendant should be given leave to designate them accordingly; and (4) the court should deny plaintiffs' request to exclude various proffered exhibits defendant may seek to introduce under Federal Rules of Evidence 803(18). The Federal Rules of Evidence limit the opinion testimony of lay witnesses.

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Plaintiffs filed a substantially similar motion in the McKiver case, which the court allowed, ruling that "no lay witness is going to give an expert opinion" and "if anybody has

4

got any objection to the testimony of a witness, because you contend that the witness is not qualified to give that statement, you may make it at the time." McKiver, (DE # 297, at 145:18–25). The court finds no basis to deviate from that ruling in this case and allows the motion in that regard, but reserves ruling on (1) the issue of whether defendant may designate Kraig Westerbeek and Terry Coffey as experts and (2) the admissibility of exhibits not included in defendant's experts' reliance materials.

    5.    Defendant moves to exclude evidence of alternative technologies used at swine farms in other states because it lacks foundation and any minimal probative value is outweighed by the risks of unfair prejudice, confusing the issues, and misleading the jury. (DE # 140.) Plaintiffs filed a response in opposition to the motion. (DE # 185.) In the McKiver case, the court considered this issue, heard argument from the parties, and denied defendant's motion. McKiver, (DE # 297, at 113:24–118:10). Defendant's arguments in this case do not dictate a different result, and the motion is DENIED.

    6.    Defendant moves to exclude worker health related evidence. (DE # 144.) Plaintiffs respond that they accept the court's ruling in McKiver on this issue regarding Dr. Merchant's opinions on occupational exposure, and do not intend to elicit testimony from Nancy Lambertson regarding "her alleged health issues and workers' compensation claim and award or any other matter that would run afoul of the Court's ruling regarding Dr. Merchant." (DE # 181, at 15–16). The court finds such evidence is properly excluded, and the motion is ALLOWED.

    7.    Defendant moves to exclude misleading financial evidence pursuant to Federal Rules of Evidence 401, 402, and 403. (DE # 148.) Plaintiffs have filed a response in opposition to the motion. (DE # 181, at 6–10). First, defendant requests that any argument, testimony, or evidence regarding the financial condition of it or any of its parent companies be excluded

during the compensatory damages phase of the trial. Next, defendant requests that, if the case proceeds to a punitive damages phase, evidence of its financial condition be limited to evidence pertaining to the Joey Carter Farm. Alternatively, should the court decline to bifurcate, defendant requests that the court limit financial evidence to evidence of its financial condition pertaining to the Joey Carter Farm, instruct the jury that it may only consider financial evidence for the limited purpose of determining the amount, if any, of punitive damages to award, and enter an order precluding plaintiffs' counsel from arguing that the jury may consider this evidence for any other purpose. (DE # 148.) Defendant also seeks to exclude any evidence of executive compensation. (DE # 149, at 17–19.)

Defendant filed a substantially similar motion in the McKiver case, which the court denied as to defendant's financial condition and reserved ruling as to the financial condition of defendant's parent companies. McKiver, (DE # 194, ¶ 4). At trial, the court denied the motion with respect to financial evidence of the parent companies. Id., (DE # 272, at 127:7–12). With respect to executive compensation, the court ruled that evidence of salary was admissible by position, but excluded evidence specifically naming an individual along with that person's salary. McKiver, (DE # 297, at 93:24–94:5, 10–25). The court is not convinced that the rulings made in McKiver with respect to financial information and executive compensation should not apply in this case and declines to limit the scope of financial evidence as requested by defendant. The motion is ALLOWED with respect to evidence of executive compensation of individuals by name and DENIED as to the scope of financial evidence. Pending ruling on the motion to bifurcate, the court reserves ruling on whether financial evidence should be excluded during the compensatory damages phase.

8. Defendant moves to exclude evidence of lobbying and other political activity pursuant to Federal Rules of Evidence 104, 401, 402, and 403. (DE # 154.) Plaintiffs filed a response in opposition to the motion. (DE # 181, at 12–14.) In McKiver, on defendant's substantially similar motion, the court allowed the motion as to evidence of editorial cartoons, but otherwise denied the motion as to evidence of lobbying and public relations activity. McKiver, (DE # 297, at 93:20–23). In addition to its arguments previously made in McKiver, defendant argues here that McKiver demonstrates the introduction of such evidence will prejudice defendant, inflame the jury, and invite them to assign liability based on lobbying and public relations activity. The court disagrees, finding no basis to deviate here from the ruling in McKiver, and the motion is ALLOWED as to evidence of editorial cartoons and DENIED as to evidence of lobbying and public relations activity.

9. Defendant moves to exclude references to and evidence of Chinese ownership, exports of pork to China and other Asian nations, and racial issues pursuant to Federal Rules of Evidence 401 and 403. (DE # 164.) Plaintiffs filed a response in opposition to the motion (DE # 181, at 10-12.) Defendant filed a substantially similar motion in the McKiver case, which the court allowed in part and denied in part as follows:

> [T]he question of whether exports are going to China or some other country is irrelevant and to that extent, the motion is allowed. The parties may refer to foreign exports all you want to.
>
> . . . I've already ruled, by striking from the complaint, that the words "Communist Party", "Peoples Liberation Army", "Chinese Government" are not relevant and will not be referred to.
>
> The plaintiff may bring out that the WH Group is a Chinese corporation, but not go into other facts about Chinese corporations being owned by the state or anything like that.
>
> . . . . They may not emphasize the ownership by the Chinese or any foreign entity. The references – this is going to be tricky, a lot of it is going to

> have to depend on content and at the time – but references to racial discrimination, slavery or poverty are not relevant to this case except insofar as the facts themselves demonstrate and show that. Now, I'm not going to prohibit any plaintiff from testifying that, I live in an African American neighborhood and all my neighbors are African Americans. I'm not going to prohibit the one plaintiff that the defendants were talking about who gave an interview with WRAL, I believe, from testifying that her grandfather was a former slave. That's a fact. And if her grandfather bought that property and handed it down to her, that's a fact. That's admissible. That's a true fact. But the question of slavery otherwise is not admissible. The plaintiffs can, of course, testify as to why they didn't complain if it's shown or admitted that issue is raised by the defense. The defendant questions, well, why didn't you complain about it? If they are asked that question, then plaintiffs can answer that question.

McKiver, (DE # 297, at 91:23–93:6). The court also allowed the motion as to the 12 January 2017 letter from the Environmental Protection Agency to the North Carolina Department of Environmental Quality. McKiver, (DE # 194, ¶ 3). Having considered the arguments of the parties, the court finds the rulings on these issues in McKiver are appropriately applied in this case, and defendant's motion is ALLOWED IN PART and DENIED IN PART as outlined above.

This 28 May 2018.

_____
W. Earl Britt
Senior U.S. District Judge

8