IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for a bifurcated trial. (DE # 146.) Plaintiffs have filed a response in opposition. (DE # 208.)

Defendant requests the issues of liability for and the amount of compensatory damages be tried separately from the issues of liability for and the amount of punitive damages. On defendant's similar motion in a related case, the court considered whether N.C. Gen. Stat. § 1D-30 mandated a bifurcated trial and whether to exercise its discretion to bifurcate under Federal Rule of Civil Procedure 42(b).

> North Carolina General Statute section 1D-30 provides in relevant part, "Upon the motion of a defendant, the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any." On a defendant's motion pursuant to this statute, the court *must* bifurcate the compensatory damages phase of the trial from the punitive damages phase of the trial under the procedures set forth therein. Land v. Land, 687 S.E.2d 511, 517 (N.C. Ct. App. 2010). However, "[b]ifurcation is primarily procedural in nature; therefore, federal procedural law applies." Greenwood Motor Lines, Inc. v. Saga Freight Logistics, LLC, No. 3:13-CV-529-RJC-DCK, 2015 WL 13610653, at *1 (W.D.N.C. Oct. 9, 2015) (citing Rosales v. Honda Motor Co., 726 F.2d 259, 260 (5th Cir. 1984)). Accordingly, the court is not required to grant defendant's motion in accordance with N.C. Gen. Stat. § 1D-30 and will consider whether bifurcation is warranted under Rule 42(b). See id.

> The federal rule permits bifurcation "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).
> The Court is permitted considerable discretion in exercising its powers under the rule.
> Notwithstanding the broad discretion conferred by Rule 42(b), the bifurcation of issues and the separate trial of them is not the usual course of events. Nothing else appearing, a single trial will be more expedient and efficient. The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and
> economy, and (3) not result in undue prejudice to any party.
> F & G Scrolling Mouse, L.L.C. v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999) (citations omitted).

McKiver v. Murphy-Brown, LLC, No. 7:14-CV-180-BR (DE # 155) (emphasis and alterations in original). The court denied the motion, concluding that defendant had not its burden for bifurcation under Rule 42(b) because the evidence regarding compensatory and punitive damages overlaps and "bifurcation would not promote convenience or be conducive to expedition and economy." Id.

Nonetheless, defendant urges the court to bifurcate by applying Rule 42(b) in a manner consistent with state law. Defendant also argues that bifurcation is appropriate as the jury in the related case heard inflammatory evidence that was relevant only to the punitive damages issues, resulting in unfair prejudice to it in the form of an "unconstitutional" jury verdict of $5,000,000 in punitive damages for each plaintiff. The court declines to bifurcate the trial on either of these grounds.

While under certain circumstances it might be appropriate to bifurcate to be consistent with state law, such as § 1D-30, such circumstances are not present here. The court remains convinced that in this case, the compensatory damages evidence overlaps with the punitive damages evidence. As such, bifurcation would not be beneficial. As for defendant's suggestion

that the verdict on punitive damages in the related case supports bifurcation, the court points out that, applying North Carolina law (the constitutionality of which the court has recognized), it will reduce the amount awarded to each plaintiff for punitive damages to $250,000. See id. (DE # 277).

For the foregoing reasons, the motion is DENIED.

This 29 May 2018.

																																		W. Earl Britt
																																		Senior U.S. District Judge