IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on plaintiffs' omnibus motion in limine. (DE # 137.) Defendant filed a response in partial opposition to the motion. (DE # 202.) Subsequently, the parties filed a joint stipulation regarding the motion. (DE # 219.) According to the stipulation, the parties agree that ten topics, or portions thereof, remain disputed. On 30 May 2018, the court held a hearing on the disputed topics. The following memorializes the court's rulings in open court and sets forth the court's decision on those topics on which it reserved ruling, by topic number.

"4. Any reference or suggestion that a damage award may drive up the price of pork products, put companies out of business, cause jobs to be lost, put the Kinlaw Farm out of business or cause a bankruptcy."

"5. Any reference or comparison to Taylor Finishing, Inc., or any suggestion that lawsuits or damage awards could result in family farmers declaring bankruptcy; any suggestion that this lawsuit is part of an effort by environmentalists, liberals and left-wingers to hurt North Carolina family farmers and put them out of business."

The motion as to these topics is ALLOWED because the business consequences resulting from this lawsuit or any damage award that effect non-parties are not relevant to this action.

"14. References to or evidence of arrests, charges, past criminal acts, or convictions with regard to any Plaintiff or witness called by Plaintiff; any reference or evidence purporting to concern any criminal history or record of any Plaintiff, any family or household member or family relative, or any neighbor or fact witness."

The motion is ALLOWED as to this topic, except for evidence of a criminal conviction that is admissible under the Federal Rules of Evidence.

"16. References to or argument on criminal histories of community members associated with the Plaintiffs, to accidents, criminal incidents, formal or informal crime statistics in neighborhood or reference to neighborhood as being crime-ridden, a 'ghetto,'" a 'low-income neighborhood' or similar statements or inferences."

The motion is ALOWED as to this topic.  However, this ruling is not intended to prevent any evidence with regard to the use or misuse of the highway adjacent to plaintiffs' property and the subject farm.

"17. Reference or evidence of 'drug use in the area' or other crimes in the area."
As for reference or evidence of drug use in the area, the motion is ALLOWED.  As for reference or evidence related to other crimes in the area, the motion is DENIED as to property-related crimes.

"21. Evidence or reference to real estate appraisals, tax values or other property values of the homes of the Plaintiffs should be excluded."

The motion as to this topic is ALLOWED.

"22. Defendant should be barred from seeking to offer evidence, for example, that a given trial group Plaintiff's yard had a garbage bag in it, or dead vegetation, or the like."

The motion as to this topic is DENIED to the extent the evidence is identifiable as or pertaining to the yard of Elvis and Vonnie Williams.

"23. Reference, argument, or exhibits regarding title to property, existence of deeds, property interests of present or former spouses, or related issues."

The motion as to this topic is ALLOWED IN PART and DENIED IN PART. Reference, argument, and exhibits regarding when and how the plaintiffs in this trial group acquired their property interests is admissible. Reference and argument to the fact that plaintiff Vonnie Williams' name is not on the deed to the subject property is irrelevant and therefore inadmissible.

"24. Neither Defendant, its witnesses nor counsel should be allowed to comment upon, or refer to, or introduce testimony or evidence relating to, or attempt to elicit testimony concerning any argument that the Government approved of the installation of hog operations within the neighborhood or believed the benefits of hog operations placed in the Plaintiffs' community outweighed the risks."

The motion as to this topic is ALLOWED IN PART and DENIED IN PART. Evidence regarding governmental issuance of a permit for the hog operation and any compliance with that permit is admissible. Any evidence or argument suggesting that the fact of the issuance of a permit means the government concluded that the benefits of the hog operation outweigh the risks is inadmissible.

"25. Any suggestion that the regulations set forth a safe, acceptable level of exposure to

hog odor and nuisance; that odor regulations in other states apply or should apply; that some odor detection protocol or 'Nasal Ranger' intensity level controls."

The motion as to this topic is ALLOWED.

This 31 May 2018.

                                                            _____
                                                            W. Earl Britt
                                                            Senior U.S. District Judge