IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) ORDER<br>) |
| MURPHY-BROWN, LLC, d/b/a<br>SMITHFIELD HOG PRODUCTION<br>DIVISION, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the court on plaintiffs' motion in limine to limit the expert testimony of M. Todd See, Ph.D. (DE # 98.) Defendants have filed a response in opposition to the motion. (DE #117.)

Dr. See is the department head for the Department of Animal Science at North Carolina State University. In the related case of McKiver v. Murphy-Brown, LLC, No. 7:14-CV-180-BR, the court qualified Dr. See as an expert in "animal science with a specialty in swine," (DE #274, at 130:2). Plaintiffs did not file a motion in limine as to Dr. See's testimony in McKiver. Now, plaintiffs argue Dr. See's trial testimony in McKiver exceeded the scope of his expert report or area of expertise on the following topics: the development of various hog operation designs in North Carolina, alternative waste technologies, lagoon seeding, feed conversion, and the work of plaintiffs' expert Dr. Shane Rogers. As such, plaintiffs contend Dr. See's trial testimony in this case should be limited. Defendant contends Dr. See's expert report, as well as plaintiffs' deposition of Dr. See, addresses these topics such that the requirements of Federal Rule of Civil Procedure 26(a) have been satisfied.

"Rule 26 requires litigants to provide opposing counsel with a written report prepared and signed by an expert witness who may testify at trial. Fed. R. Civ. P. 26(a)(2)(A)-(B). The expert witness' report must contain, among other things, a complete statement of all opinions the [expert] witness will express and the basis and reasons for them, the facts or data considered by the witness in forming them, and any exhibits that will be used to summarize or support them." Bresler v. Wilmington Tr. Co., 855 F.3d 178, 189 (4th Cir. 2017) (internal quotations omitted). "[Rule] 26(a)(2)(B) does not limit an expert's testimony simply to reading his report. . . The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." Thompson v. Doane Pet Care Co., 470 F.3d 1201, 1203 (6th Cir. 2006). However, an expert may not testify as to topics and opinions not covered in his or her expert report. See Niles v. Owensboro Med. Health Sys., Inc., No. 4:09-CV-00061-JHM, 2011 WL 3205369, at *5 (W.D. Ky. July 27, 2011); Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir. 2007) ("[I]f a party fails to disclose the information required by Rule 26(a), its expert may not testify as to that information."); Gay v. Stonebridge Life Ins. Co., 660 F.3d 58, 64 (1st Cir. 2011).

Because the court cannot evaluate Dr. See's testimony until he is qualified as an expert in a given area or areas and provides his testimony at trial, the motion to limit his expert testimony is DENIED WITHOUT PREJUDICE.

This 13 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge