UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-00182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    ORDER |
| | ) |
| MURPHY-BROWN, LLC, d/b/a | ) |
| SMITHFIELD HOG PRODUCTION | ) |
| DIVISION, | ) |
| | ) |
|     Defendant. | ) |

This matter is before the court on defendant's 11 July 2018 motion to impose statutory cap on punitive damages. (DE # 308.) With leave of court, plaintiffs filed a revised response to the motion on 23 August 2018. (DE # 318-1.) Defendant has not filed a reply, and the time within which to do so has expired.

On 29 June 2018, the jury awarded plaintiffs Elvis Williams and Vonnie Williams each $65,000 in compensatory damages and $12.5 million in punitive damages. In accordance with the court's decision in the related case of McKiver v. Murphy-Brown, LLC, No. 7:14-CV-190-BR, defendant requests that the court reduce the punitive damages award to $250,000 per each of these plaintiffs. In McKiver, the court recognized:

> "In a diversity case, state substantive law governs the circumstances justifying an award and the amount of punitive damages, and federal law governs district and appellate court review of the jury award." Def. Indus., Inc. v. Nw. Mut. Life Ins. Co., 938 F.2d 502, 504-05 (4th Cir. 1991). North Carolina substantive law applies here. N.C. Gen. Stat. § 1D-25(b) provides in relevant part that "[p]unitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater."

Id. (DE # 277, at 1). Relying on the North Carolina Supreme Court's decision in Rhyne v. K-Mart Corporation, 594 S.E.2d 1 (N.C. 2004), the court rejected plaintiffs' argument that § 1D-25(b) violates their right to a jury trial under the North Carolina Constitution, Article I, Section 25, and imposed the statutory cap on those plaintiffs' punitive damages awards. Id. (DE # 277, at 2-3).

As they did in McKiver, plaintiffs contend that § 1D-25 violates Article I, Section 25, of the North Carolina Constitution. (DE # 318-1, at 14.) Additionally, they argue that the statutory provision violates the due process and equal protection clauses of the United States and North Carolina Constitutions and the separation of powers and open courts clauses contained in Article I of the North Carolina Constitution. (Id. at 15.) Rhyne, which, again, the court is bound to follow on relevant state law issues, precludes plaintiffs' arguments that the statutory provision is unconstitutional under the cited clauses of the North Carolina Constitution.[1]

As for the constitutionality of North Carolina's punitive damages cap under the United States Constitution, plaintiffs do not address the standard under which this court must evaluate a federal due process or equal protection challenge to a state statute. Out of the three cases plaintiffs cite in support of their federal constitutional challenge, only one, Duren v. Suburban Community Hospital, 495 N.E.2d 51, 56 (Ohio C.P., Cuyahoga Cty., 1985), held that the state statutory damages cap violated the *United States* Constitution. There, the trial court examined Ohio's medical malpractice general damages cap, see id. at 55-56, a statute vastly different from

---

[1] The Rhyne court considered different arguments regarding § 1D-25's constitutionality under the separation of powers and open courts clauses. However, its rationale applies equally to plaintiffs' argument that § 1D-25(c), which prohibits the trial court from making the punitive damages cap known to the jury, infringes on the court's obligation to inform the jury of the law and on the jury's entitlement to know the law. See Rhyne, 594 S.E.2d at 8-9 (recognizing that the legislature has the authority to modify common law, in which punitive damages hold "an established place," and holding § 1D-25 does not violate the separation of powers clause as it "is a modification of the common law within the General Assembly's policy-making authority to define legally cognizable remedies"); id. at 18 (because a plaintiff does not have a right to recover punitive damages, holding the statutory limitation on punitive damages does not violate the open courts clause).

2

the statute at issue here, and relied primarily on another state court decision that held that the state's statutory cap on non-economic losses in malpractice actions violated the state constitution's equal protection clause, see id. at 56 (citing Carson v. Maurer, 424 A.2d 825 (N.H. 1980)).  Absent sufficient briefing, including pertinent case law, the court declines to resolve whether § 1D-25(b) is unconstitutional under the due process and equal protection clauses of the United States Constitution.

Defendant's motion is ALLOWED, and the judgment shall reflect that the amount awarded to each plaintiff for punitive damages is $250,000.

This 17 September 2018.

_____
W. Earl Britt
Senior U.S. District Judge