IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC, d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on plaintiffs' motion in limine to exclude late-disclosed witnesses and evidence. (DE # 412.) Defendant filed a response in opposition. (DE # 432.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014). In determining whether the failure to disclose was substantially justified or is harmless, the court is guided by five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). "The first four factors relate to harmlessness, while the last factor relates mainly to substantial justification, and the court need not consider every factor." Sciullo v. Griggs & Co., No. 2:14-CV-18-FL, 2016 WL 2731465, at *3 (E.D.N.C. May 9, 2016).

Plaintiffs move to exclude defendant's 49 late-disclosed witnesses, i.e., witnesses who were identified in the pretrial disclosures under Rule 26(a)(3) but were not disclosed by the end of discovery in the fall of 2016. (Pl.s' Mem. Supp. (DE # 412) at 1.) Plaintiffs also sees to exclude defendant's late-disclosed exhibit, a 7 June 2018 "petition," signed by two of defendant's late-disclosed witnesses and others. (Id.) Defendant responds, specifically identifying 21 witnesses who should not be barred from testifying under Rule 37(c)(1), and representing that plaintiffs also have untimely disclosed 27 witnesses. (Def.'s Resp. Opp'n (DE # 432) at 1-4.) If defendant's late-disclosed witnesses are excluded, it requests plaintiffs' late-disclosed witnesses be barred as well. (Id. at 5.)

This is not the first motion to exclude late-disclosed witnesses the court has addressed in this litigation. In a related case, the court allowed the motion to exclude, finding that, "It is paramount in this case, where interrelated cases are scheduled for trial in coming months that deadlines are met." Artis v. Murphy-Brown, LLC, No. 7:14-CV-237-BR (DE # 152, at 2.) However, here, unlike in that case, the party's disclosures were timely as of the pretrial disclosure deadline. It is reasonable that the parties would discover new evidence in the two-year time period from the close of discovery to the pretrial disclosure deadline in this case. The court analyzes below any potential harm caused and any substantial justification for the 21 late-disclosed witnesses and one exhibit. As for the other 55 witnesses at issue (27 for plaintiffs and 28 for defendant), the court intends to hold both sides to the same standard. Therefore, unless the parties mutually agree as to whether one or more of these witnesses may testify, the other late-disclosed witnesses will be barred from testifying under Rule 37(c)(1).

1. **Billy Storms, Prince Dugba, and Catherine Flowers**

   Defendant contends that plaintiffs knew of Billy Storms, Prince Dugba, and Catherine Flowers before the close of discovery in 2016, by at least 28 October 2016. (See Def.'s Resp. Opp'n (DE # 432) at 2.) Accordingly, defendant suggests there would be no surprise regarding the content of their proposed testimony. While there is a difference between notice to a party before trial and surprise of evidence offered at trial, given plaintiffs' knowledge of these three witnesses and the lack of disruption their testimony would cause, the late disclosure is harmless. Also of note is that Flowers testified in the first trial in this case. (See 6/19/18 Tr. (DE # 303) at 58.) Therefore, Storms, Dugba, and Flowers will not be barred from testifying under Rule 37(c)(1).

2. **Everette Murphrey**

   Defendant offers Everette Murphrey to testify about the Lizzie Research Station, in response to prior trial testimony given by plaintiffs' expert Dr. Shane Rogers. (See Def.'s Resp. Opp'n (DE # 432) at 3.) This testimony was a product of Dr. Rogers' personal work experience at the Station, which government agencies operated on Murphrey's hog farm. Murphrey's testimony on this topic would not disrupt the trial, nor should it surprise plaintiffs. Thus, Murphrey is not barred from testifying under Rule 37(c)(1).

3. **Rick Crowsey**

   Defendant contends that it will offer fact witness Rick Crowsey only "to authenticate historical aerials to the extent Plaintiffs object to such exhibits or demonstratives." (Def.'s Resp. Opp'n (DE # 432) at 3.) Crowsey was retained by defendant in April 2018. (Id.) His late disclosure is harmless given the extent of his testimony. Accordingly, Crowsey is not barred from testifying under Rule 37(c)(1) solely to authenticate the aerial photographs.

4. **Doug Pierson and Marsha Pierson**

   Defendant contends witnesses Doug and Marsha Pierson ("the Piersons"), who signed the challenged 7 June 2018 document, were newly discovered, and, therefore, their late disclosure is substantially justified. (See Def.'s Resp. Opp'n (DE # 432) at 3.) Defendant represents that the Piersons signed a petition in the 1990s, which plaintiffs introduced into evidence during the first trial, and as a result, the Piersons requested to be witnesses. (Id.) In light of these facts, the failure to disclose the Piersons before the pretrial disclosure deadline was substantially justified and they, along with the 7 June 2018 document, will not be barred under Rule 37(c)(1). Whether the 7 June 2018 document is admissible is a matter to be determined.

5. **Jimmy Vinson, Durwood Williams, Matt Kaine**

   Defendant contends that it did not know of the relevance of Jimmy Vinson's, Durwood Williams,' and Matt Kaine's testimony until Joey Carter's supplemental discovery during the first trial. (See Def.'s Resp. Opp'n (DE # 432) at 3.) These individuals were listed on the United States Department of Agriculture Soil Conservation Service's Conservation Assistance Notes, of which both sides represented they were unaware until June 2018. (See Def.'s Resp. Opp'n (DE # 432-5) Ex. 5.) Based on defendant's prior representation, its failure to disclose the evidence before the close of discovery in 2016 was substantially justified. Vinson, Williams, and Kaine are not barred from testifying under Rule 37(c)(1).

6. **Gus Simmons**

   Defendant contends Gus Simmons' late-disclosure is substantially justified because it "only recently learned" about his project at the Loyd Ray Farm. (Def.'s Resp. Opp'n (DE # 432) at 3-4.) Defendant contends Simmons is needed to rebut certain contentions by plaintiffs about

the use of a field olfactometer, the Nasal Ranger. (Id. at 4.) Specifically, Simmons will be offered to testify about the "Innovative Swine Waste Treatment System" at the Loyd Ray Farm and other operations. (Id. at 3.) Simmons' proposed testimony would likely surprise plaintiffs and disrupt the trial. However, the surprise caused to plaintiffs may be cured. The court will permit plaintiffs to take Simmons deposition prior to trial.

7. **Robert Ross II, Dr. Austin Obasohan, and David Brinson**

    Defendant contends there is no harm in its late disclosure of Robert Ross II, Dr. Austin Obasohan, and David Brinson as witnesses because they testified in the first trial in this case. (See Def.'s Resp. Opp'n (DE # 432) at 4.) The court agrees that the late disclosure is harmless. As such, Ross, Obasohan, and Brinson are not barred from testifying under Rule 37(c)(1).

8. **Seven Odor Panelists**

    Defendant contends there is no harm in its late disclosure of the seven odor panelists because the subject matter of their testimony is well-established in Dr. Pamela Dalton's reports and deposition testimony. (See Def.'s Resp. Opp'n (DE # 432) at 5.) Defendant contends these individuals were first disclosed to plaintiffs in February 2017. Based upon that representation and the well-litigated nature of the proposed testimony, the late-disclosure of odor panelists is harmless. The odor panelists are not barred from testifying under Rule 37(c)(1).

    For the aforementioned reasons, the court DENIES plaintiffs' motion to exclude late-disclosed witnesses and evidence. Plaintiffs may take Simmons deposition by 4 January 2019,

5:00 pm.

This 18 December 2018.

_____
W. Earl Britt
Senior U.S. District Judge