IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | | |
|---|---|---|
| WOODELL MCGOWAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC, d/b/a | ) | |
| SMITHFIELD HOG PRODUCTION | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion in limine to exclude testimony of and references to Billy Houston. (DE # 415.) Plaintiffs filed a response in opposition. (DE # 440.)

Defendant moves to exclude the testimony of Houston at trial on the ground that his testimony is irrelevant and "to the extent it is minimally relevant the testimony would be cumulative and unduly prejudicial." (Def.'s Mem. Supp. (DE # 416) at 3.) Similarly, defendant moves to exclude any reference to Houston because such reference would "mislead the jury and invite them to assign liability to [defendant] based on irrelevant conduct performed by an irrelevant actor." (Id. at 5-6.) In response, plaintiffs contend this motion is premature until they call Houston to testify or "matters relating to his work are called into question." (Pls.' Rep. Opp'n (DE # 440) at 1.) Still, plaintiffs assert that they "are entitled to question Mr. Houston concerning the work he performed and the documents he prepared for [Joey Carter's hog farm] and his relationship with the [d]efendant." (Id. at 2.) Plaintiffs contend Houston performed

work at Joey Carter's hog farm from 1996 to 2017 in waste management, nutrient management, sludge surveys, and reel calibration. (Id.)

As a whole, defendant's motion is premature. At this point in the case it is uncertain whether Houston will be called as a witness at trial. The concerns defendant raises may be addressed at trial if Houston is called or matters relating to Houston arise. For those reasons, testimony of or any reference to Houston's work at the Joey Carter hog farm will not be excluded under Federal Rules of Evidence 401 and 403. This ruling is qualified by the court's order denying plaintiffs' motion to exclude late-disclosed witnesses and evidence.

However, because of the potential for harmful consequences that could result from improper references to Houston, plaintiffs may not elicit testimony or refer to the pending criminal investigation and indictment against Houston without first seeking leave of court outside the presence of the jury. See Carnell Const. Corp. v. Danville Redevelopment & Hous. Auth., 745 F.3d 703, 720 (4th Cir. 2014) (finding that when performing a Rule 403 analysis, courts balance the probative value of the evidence against the harmful consequences that may result from its admission, such as unfair prejudice). Defendant's motion to exclude testimony of and references to Billy Houston at trial is DENIED WITHOUT PREJUDICE.

This 19 December 2018.

_____
W. Earl Britt
Senior U.S. District Judge