IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | | |
|---|---|---|
| WOODELL MCGOWAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC, d/b/a | ) | |
| SMITHFIELD HOG PRODUCTION | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiffs' motion in limine to exclude evidence regarding changed conditions not timely disclosed in discovery. (DE # 408.) Defendant filed a response in opposition. (DE # 429.)

Plaintiffs move to "exclude evidence of [d]efendant's depopulation, changed conditions, and any general future aspirational changes allegedly implemented or to be implemented in the future at [the] Joey Carter [Farm] since the third verdict." (Pls.' Mem. Supp. (DE # 409) at 2.) Plaintiffs contend defendant did not properly supplement its discovery under Federal Rule of Civil Procedure 26, and, as such, any evidence of changed conditions should be barred under Rule 37(c)(1). (Id.) In response, defendant argues it timely disclosed documents relevant to its decision to depopulate the Joey Carter Farm. (See Def.'s Resp. Opp'n (DE # 429) at 3-4.)

Federal Rule of Civil Procedure 26 provides that parties have a duty to supplement written discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process

or in writing[.]" Fed. R. Civ. P. 26(e)(1)(a). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014). In determining whether the failure to disclose was substantially justified or is harmless, the court is guided by five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

Here, plaintiffs had sufficient notice on 19 October 2018 that the Joey Carter Farm was depopulated as of 15 October 2018. (See Def.'s Resp. Opp'n (DE # 429) at 3.) Soon after, defendant provided plaintiff with stocking records to reflect the depopulation of both sites at the Joey Carter Farm. (Id.) Therefore, evidence of depopulation of the Joey Carter Farm will not be barred under Rule 37(c)(1). Whether such evidence is admissible is a matter to be determined at trial. However, the court anticipates that the *fact* of depopulation will be relevant to the issue of compensatory damages, as the jury may consider such damages through the time of trial, and that the *reason* for depopulation will likely be excluded based on the court's prior conclusion that "the business consequences resulting from this lawsuit or any damage award that effect non-parties are not relevant," (DE # 456.)

As for evidence pertaining to prospective changes at the Joey Carter Farm, plaintiffs argue that they "do not anticipate that [d]efendant will attempt to offer evidence of remedial measures at Joey Carter [Farm] specifically. However, [p]laintiffs do anticipate that [d]efendant

2

may attempt to reference or offer evidence of its alleged general initiative occurring across the broader hog operations." (Pls.' Mem. Supp. (DE # 409) at 4-5.) In response, defendant asserts this issue re-litigates a similar motion the court denied in a related case, Gillis v. Murphy-Brown, LLC, No. 7:14-CV-185-BR. (See Def.'s Resp. Opp'n (DE # 429) at 5.)

There, the changed conditions involved defendant's modifications to the dead box temperature and trucking schedule, and the prospective changes, mentioned in a 25 October 2018 press release, were Smithfield's plans to cover lagoons and to phase out sprayers. Gillis, (DE # 258) at 4. The court found that plaintiffs had notice of the changed conditions that took place at the subject farm because the changes had been on-going for months before trial. Id. at 3. The court also found plaintiffs had notice of the press release because of prior testimony offered in related cases. Id. After analyzing the other relevant factors, the court declined to exclude evidence of remedial measures under Rule 37(c)(1). See id. at 4-5. The court will not re-litigate this issue and thus will not bar the evidence based on Rule 37(c)(1). However, whether such evidence is admissible is a matter to be determined at trial.

For the aforementioned reasons, plaintiffs' motion to exclude evidence regarding changed conditions not timely disclosed in discovery is DENIED.

This 20 December 2018.

_____
W. Earl Britt
Senior U.S. District Judge