IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MURPHY-BROWN, LLC, d/b/a | ) |
| SMITHFIELD HOG PRODUCTION | ) |
| DIVISION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on defendant's motion to exclude references to other nuisance trials or cases. (DE # 380.) Plaintiffs filed a response in opposition. (DE # 436.)

Defendant moves to exclude any reference to other nuisance trials or cases on the basis that such references are irrelevant and prejudicial. (See Def.'s Mem. Supp. (DE # 381) at 1-2.) In response, plaintiffs contend "there are instances in which reference to prior proceedings may be necessary or unavoidable." (Pls.' Resp. Opp'n (DE # 436) at 1.) Specifically, in past trials, plaintiffs cite to the fact that they needed to introduce prior deposition testimony to impeach trial witness Gregg Schmidt. (Id. at 1-2.) Plaintiffs also point out that "[a] key part of Dr. [Shane] Rogers testimony goes to the similarities among the [discovery pool hog] operations in material respects[,]" as does his testimony relating to how much he was compensated in each case. (Id. at 3.) Lastly, plaintiffs contend that defendant may seek to introduce evidence related to the farms at issue in other related cases, and that "plaintiff should be permitted to impeach [d]efendant as appropriate." (Id. at 4.)

Evidence is relevant if "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "[R]elevant evidence [may be excluded] if its probative value is substantially outweighed by [] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, references to other nuisance trials and cases against defendant are irrelevant. Even so, due to the nature of this litigation, counsel may need to refer to testimony from a related nuisance trial in order to impeach a witness. As such, if counsel finds it necessary to question a witness about and/or impeach a witness with his or her prior testimony, counsel should do so in a manner that does not reference the previous trials or cases pending before the court; counsel can simply refer to the fact that the witness has testified previously. Should counsel feel that a witness and/or opposing counsel has opened the door to greater inquiry into testimony from a previous trial or case, counsel should seek leave of the court for a sidebar conference so that the court may revisit its ruling. As for plaintiffs' concerns about limitations on Dr. Rogers' testimony, he still may testify about his visits to other hog operations, including the "similarities among the operations in material respects" and his compensation, without mentioning other trials or cases by name. Defendant's motion is GRANTED.

This 20 December 2018.

_____
W. Earl Britt
Senior U.S. District Judge