IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC, d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on defendant's motion in limine to exclude Dr. Shane Rogers' untimely, previously undisclosed opinions about lagoon size. (DE # 366.) Plaintiffs filed a response in opposition. (DE # 431.)

Defendant contends plaintiffs' expert Dr. Rogers offered "new trial opinion that the Joey Carter Farm lagoons (supposedly) did not meet the 'minimum allowable' size of one-cubic-foot-per-animal" without supplementing his January 2017 report. (Def.'s Mem. Supp. (DE # 366) at 3.) As a result, it moves to exclude his opinion as an untimely disclosure under Rule 37(c)(1). (Id. at 4.) Plaintiff responds, contending that the opinions offered by Dr. Rogers were "proper and did not constitute an ambush with any new and untimely opinions." (Pls.' Resp. Opp'n (DE # 431) at 1.) Plaintiffs also point out that at the time the testimony was offered "much of it proceeded without objection" and defendant could have objected at the time if there was an untimely disclosure issue. (Id. at 2.)

"For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during

the expert's deposition." Fed. R. Civ. P. 26(e)(2). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014). In determining whether the failure to disclose was substantially justified or is harmless, the court is guided by five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). "The first four factors relate to harmlessness, while the last factor relates mainly to substantial justification, and the court need not consider every factor." Sciullo v. Griggs & Co., No. 2:14-CV-18-FL, 2016 WL 2731465, at *3 (E.D.N.C. May 9, 2016).

Here, if the court accepts defendant's argument, because Dr. Rogers' expressed a new opinion at the first trial, in June 2018, said opinion should be excluded as untimely for the second trial set for January 2019. Without expressing any view on whether Dr. Rogers' opinion is new, because defendant had notice of the opinion as of June 2018 and had an opportunity to examine the witness on his opinion at trial, the disclosure is harmless. Dr. Rogers' opinion on lagoon size will not be barred under Rule 37(c)(1) and defendant's motion is DENIED.

This 21 December 2018.

_____
W. Earl Britt
Senior U.S. District Judge