IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MURPHY-BROWN, LLC, d/b/a | ) |
| SMITHFIELD HOG PRODUCTION | ) |
| DIVISION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on various pretrial motions, which have been fully briefed. In related cases identified below, the parties have filed similar, if not virtually identical, motions to the motions now before the court. The court has considered the factual differences, if any, and the arguments and concludes that it adopts its prior rulings as follows.

Consistent with the rulings in McKiver v. Murphy-Brown, LLC, No. 7:14-CV-180-BR, McGowan v. Murphy-Brown, LLC, No. 7:14-CV-182-BR, Gillis v. Murphy-Brown, LLC, No. 7:14-CV-185-BR, and Artis v. Murphy-Brown, LLC, No. 7:14-CV-237-BR,

1. Defendant's motion to preclude argument, editorializing, or testimony by plaintiffs' counsel while questioning witnesses before the jury (DE # 347) is ALLOWED. The court expects all counsel to refrain from making improper comments at trial. If counsel believes opposing counsel's questioning is improper, counsel should alert the court to that fact.

2. Defendant's motion to exclude workers health-related evidence at trial (DE # 374) is ALLOWED.

3. Defendant's motion to exclude evidence of lobbying and other political activities (DE # 376) is ALLOWED as to evidence of editorial cartoons and DENIED as to evidence of lobbying and public relations activity.

4. Defendant's motion to exclude evidence of diagnosable medical conditions at trial (DE # 378) is ALLOWED as to any plaintiff's testimony that a diagnosable medical condition was caused by defendant's operations and otherwise DENIED.

5. Defendant's motion for a jury view (DE # 382) is DENIED.

6. Defendant's motion to exclude evidence of alternative technologies used at swine farms in other states (DE # 384) is DENIED.

7. Defendant's motion to exclude certain testimony about limitations on Dr. Rogers' site inspections (DE # 389) is DENIED.

8. Plaintiffs' motion in limine regarding evidence or argument on medical records (DE # 392) is ALLOWED IN PART and DENIED IN PART such that defendant may not broadly introduce plaintiffs' medical records, but may use them to impeach a witness whose testimony is contradicted by evidence contained in the medical records.

9. Plaintiffs' motion in limine regarding evidence or argument on hiring an attorney (DE # 394) is ALLOWED.

10. Plaintiffs' motion to exclude evidence or argument on dismissed and abandoned claims (DE # 396) is ALLOWED.

11. Plaintiffs' motion to exclude expert testimony from defendant's lay witnesses (DE # 398) is ALLOWED and defendant's alternative request to designate Terry Coffey and Kraig Westerbeek as experts (DE # 424) is DENIED.

12. Defendant's motion to reconsider the court's ruling on plaintiffs' motion for partial summary judgment with regard to defendant's "Right to Farm Act" defense (DE # 414) is DENIED.

Consistent with the rulings in <u>McKiver v. Murphy-Brown, LLC</u>, No. 7:14-CV-180-BR, <u>McGowan v. Murphy-Brown, LLC</u>, No. 7:14-CV-182-BR, and <u>Artis v. Murphy-Brown, LLC</u>, No. 7:14-CV-237-BR,

1. Defendant's motion to exclude evidence pertaining to Missouri litigation matters (DE # 349) is DENIED.

2. Defendant's motion to exclude references to and evidence of Chinese ownership, exports of pork to China and other Asian nations, and racial issues (DE # 354) is ALLOWED as to the question of whether exports are going to China, references to racial discrimination, slavery or poverty, unless they are relevant to the facts; the words "Communist Party," "Peoples Liberation Army," "Chinese Government," and the 12 January 2017 letter from the Environmental Protection Agency to the North Carolina Department of Environmental Quality, and is otherwise DENIED.

3. Defendant's motion to exclude evidence of antibiotic use at trial (DE # 367) is DENIED.

4. Defendant's motion to exclude misleading financial evidence (DE # 385) is ALLOWED with respect to evidence of executive compensation of individuals by name and DENIED as to the scope of financial evidence.

5. Defendant's motion to exclude evidence of insufficiently similar studies, articles, and other acts (DE # 387) is DENIED.

6. Defendant's motion for a bifurcated trial (DE # 404) is DENIED.

7. Defendant's motion to exclude certain photographs and videos (DE # 410) is DENIED WITHOUT PREJUDICE to defendant lodging objections at trial.

8. Defendant's motion to exclude evidence or argument of community harm (DE # 417) is DENIED.

This 21 December 2018.

_____
W. Earl Britt
Senior U.S. District Judge