UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-00182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| MURPHY-BROWN, LLC, d/b/a SMITHFIELD HOG PRODUCTION DIVISION, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion for an order governing exhibits. (DE # 368.) Plaintiffs filed a response in opposition. (DE # 433.)

Defendant requests that the court enter an order governing the exchange of demonstrative exhibits and the method for making a record thereof, consistent with the court's 8 November 2018 order in the related case of Gillis v. Murphy-Brown, LLC, No. 7:14-CV-185. Demonstrative exhibits are those used to assist the jury in understanding the evidence presented. United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004). The proper use of such exhibits is to illustrate a witnesses' opinions or conclusions. See id. Demonstrative exhibits are not admitted as evidence and their use is governed by Federal Rule of Evidence 611(a). In prior trials in related litigation, the parties have made liberal use of the term "demonstrative" when offering exhibits. The court intends to limit the use of demonstratives to their proper purpose.

Defendant's motion is ALLOWED. To the extent that the parties plan on offering an exhibit for demonstrative purposes, the court ORDERS as follows:

1. Demonstrative exhibits intended to be used shall be produced to opposing counsel twenty-four hours before the witness is to be called to the stand;

2. Copies may be in electronic form and transmitted electronically;

3. Parties must raise any objections to a proposed demonstrative exhibit as soon as possible and outside the presence of the jury;

4. Any exhibit not produced to opposing counsel may not be used on direct examination absent good cause;

5. Any exhibit not produced to opposing counsel may not be used on redirect unless it relates to a new matter raised on cross-examination and only then by first proposing use of the exhibit on redirect before displaying it to the jury;

6. Any demonstrative exhibit used on direct or cross examination shall be made available to opposing counsel upon passing the witness;

7. Demonstrative exhibits should be clearly marked as follows: (1) demonstrative exhibits used by plaintiffs should be marked with YELLOW stickers and labeled "Plaintiff DE __"; and (2) demonstrative exhibits used by defendant should be marked with PINK stickers and labeled "Defendant DE __." If either party wishes to make any demonstrative exhibit a part of the record, that party should, after labeling and numbering any such exhibit, tender the exhibit to the courtroom deputy at the end of the court day or before the jury is called in on the following day. Demonstrative exhibits of this nature will be made a part of the record for purposes of appeal but not provided to the jury during deliberations. IT IS THE PARTIES' DUTY TO PROVIDE A COPY OF THE EXHIBIT TO THE COURTROOM DEPUTY AND FAILURE TO DO SO WILL RESULT IN THAT EXHIBIT NOT BEING MADE A PART OF THE RECORD; and

8. Materials to be used solely for cross-examination need not be produced in advance unless the party desires to present the materials to the jury. If the party intends to request that the jury be presented the materials, the above rules apply.

The court further ORDERS that during opening statements the parties may use the same exhibits that the parties used during the first trial of this case and any other exhibits agreed upon by the parties.

This 21 December 2018.

_____
W. Earl Britt
Senior U.S. District Judge

<mark>2</mark>