IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

WOODELL MCGOWAN, et al.,            )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )        ORDER
                                    )
MURPHY-BROWN, LLC, d/b/a            )
SMITHFIELD HOG PRODUCTION           )
DIVISION,                           )
                                    )
        Defendant.                  )
_____)


This matter is before the court on the parties' various motions concerning expert

testimony, which have been fully briefed. The parties have filed similar, if not virtually

identical, motions in prior trials to the motions now before the court. The court has considered

the factual differences, if any, and the arguments and concludes that it should adopt its prior

rulings. Consistent with the rulings in McKiver v. Murphy-Brown, LLC, No. 7:14-CV-180-BR,

Gillis v. Murphy-Brown, LLC, No. 7:14-CV-185, and Artis v. Murphy-Brown, LLC, No. 7:14-

CV-237-BR, and its earlier rulings in this case,

1.  Defendant's motion to exclude or limit the testimony of Dr. James Merchant (DE # 358)

    is ALLOWED IN PART and DENIED IN PART such that Dr. Merchant may not

    testify as to: complaint-driven systems; occupational exposures; Murphy-Brown's

    knowledge of community health effects studies; corporate responsibility; and warnings.

    Dr. Merchant may, however, testify as to the *state* of knowledge regarding community

    health effects studies as shown by pertinent scientific studies and literature.

2.  Defendant's motion to exclude or limit the testimony of Dr. Thomas Hubbard (DE #

360) is ALLOWED IN PART and DENIED IN PART such that Dr. Hubbard cannot refer to exports to China specifically, although he may refer to foreign exports. As to defendant's organizational structure, Dr. Hubbard may refer to the fact that defendant's grandparent corporation is Chinese or otherwise a foreign entity, but that fact cannot be emphasized.

3. Defendant's motion to exclude or limit the expert testimony of Shane Rogers, Ph.D. (DE # 362) is DENIED. Counsel may raise an objection to questions that will call for Dr. Rogers to testify outside of the area(s) of his expertise.

4. Defendant's motion to exclude or limit expert testimony of Jeffery Tomberlin, Ph.D. (DE # 364) is RESERVED.

5. Defendant's motion to exclude the expert testimony of Kendall Thu, Ph.D. (DE # 370) is ALLOWED subject to the court's ruling on any motion plaintiffs file to permit Dr. Thu's non-cumulative testimony regarding scientific and industry knowledge.

6. Plaintiffs' motion to exclude or limit opinions of defendant's experts (DE # 406):

   a. As to Jennifer Clancy, the motion is ALLOWED such that Dr. Clancy may not testify regarding her opinion that "Dr. Rogers has erroneously concluded that Murphy-Brown farms are the source of significant odors and harmful pollutants impacting the lives of the plaintiffs," and other opinions supporting defendant's case-in-chief, and DENIED as to her rebuttal opinions regarding Pig2Bac as an indicator of pig fecal DNA and Dr. Rogers' sampling analysis and methodology.

   b. As to Dr. Keith Ramsey, the motion is ALLOWED IN PART and DENIED IN PART such that Dr. Ramsey may not state his opinion with regard to the motives of Dr. Wing and his study, or that the failure to complain as shown by the

medical records of the individual plaintiffs in some way shows that they did not have any complaints.

c. As to Todd See, the motion is DENIED WITHOUT PREJUDICE.

d. As to the other listed experts, the motion is RESERVED.

This 3 January 2019.


_____
W. Earl Britt
Senior U.S. District Judge