IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC, d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on plaintiffs' motion to clarify order dated 18 December 2018. (DE # 467.) Defendant filed a response in opposition. (DE # 474.)

The order at issue addressed plaintiffs' motion in limine to exclude late-disclosed witnesses and evidence. (DE # 461.) Pertinently, plaintiffs moved to exclude 49 defense witnesses. The court barred 28 of those witnesses from testifying as well as 27 of plaintiffs' witnesses from testifying, unless the parties agreed one or more of these witnesses could testify. Plaintiffs now request the court clarify the order as to 18 "similarly situated witnesses on [d]efendant's witness list in the pretrial order" who were not included in the order and two of plaintiffs' witnesses who were subject to the order, but plaintiff contends were "timely disclosed during discovery[.]" (Pl.s' Mot. (DE # 467) at 2.) In response, defendant contends this motion is one not for clarification but reconsideration, and these 18 additional fact witnesses should not be excluded because the "late identification was substantially justified and harmless. . . ." (Def.'s Resp. Opp'n (DE # 474) at 4.) Defendant did not raise any objection to plaintiffs' argument regarding plaintiffs' two witnesses included in the court's order.

As an initial matter, the court clarifies it prior ruling as to the two witnesses identified by plaintiffs. Plaintiffs represent that these two witnesses were not late-disclosed and defendant does not contest this representation. Accordingly, plaintiffs' motion is ALLOWED such that Ed Emory and Rhonda Campbell will not be barred from testifying under Rule 37(c)(1).

As for the other witnesses at issue, plaintiffs' request is not for clarification of the court's 18 December 2018 order, but rather they seek to have the court determine whether 18 *additional* defense witnesses, who were not included in their motion in limine, should also be excluded. Plaintiffs do not explain why they failed to identify these witnesses in their prior motion in limine. Because any motion in limine was required to be filed by 28 November 2018, and because plaintiffs' request amounts to a new motion in limine, it is untimely. As such, it is DENIED.

This 9 January 2019.

_____
W. Earl Britt
Senior U.S. District Judge