IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | | |
|---|---|---|
| WOODELL McGOWAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC d/b/a | ) | |
| SMITHFIELD HOG PRODUCTION | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The matter is before the court on defendant's motion to exclude late-disclosed and improper deposition designations, exhibits, and witnesses. (DE # 475.) Plaintiffs have filed a response in opposition to the motion. (DE # 487.)

Defendant argues that plaintiff did not abide by the pretrial disclosure deadline by failing to disclose certain deposition designations and exhibits witnesses by 26 November 2018. (Def.'s Mem. Supp. (DE # 475) at 2.) Further, defendant contends plaintiffs' identification of "unnamed corporate representative" witnesses is improper under Federal Rule of Civil Procedure 26(a)(3)(A). (Id. at 6.) Plaintiffs acknowledge these deposition designations and exhibits were made after the pretrial disclosure deadline, but contend their disclosure occurred during the "meet-and-confer process" presumed by Local Civil Rule 16.1, and therefore, they were timely disclosed by the draft pretrial order deadline on 10 December 2018. (Pl.s' Resp. Opp'n (DE # 487) at 2-3.) As for witnesses, plaintiffs contend that the identification of unnamed witnesses reserves their right to call as a witness the designated corporate representative defendant brings to trial. (Id. at 5.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure to disclose was substantially justified or is harmless, the court is guided by five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The burden is placed on the nondisclosing party. See Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014); Bailey v. Christian Broad. Network, 483 F. App'x 808, 810 (4th Cir. 2012) (unpublished).

Plaintiffs have failed to meet their burden. All of the cited deposition designations and exhibits were known to plaintiffs in ample time for pretrial disclosure by 26 November 2018. As this court has stated with particular regard to the pretrial disclosure deadline in a related case, "[i]t is paramount in this case, where interrelated cases are scheduled for trial in coming months that deadlines are met." Artis v. Murphy-Brown, LLC, No. 7:14-CV-237-BR (DE # 152, at 2). Accordingly, the court agrees with defendant that exclusion is the appropriate remedy.

As for the late-disclosed unnamed corporate witness, plaintiffs provided no legal authority as to why an unnamed representative is proper under Rule 26(a)(3)(A). Accordingly, the court agrees with defendant that Rule 26 requires a party to disclose the name of the witness it intends to call. See Fed. R. Civ. P. 26(a)(3)(A)(i) ("In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following

information about the evidence that it may present at trial other than solely for impeachment: (i) the *name* and . . . .") (emphasis added).

The motion is ALLOWED.

This 18 January 2019.

_____
                                    W. Earl Britt
                                    Senior U.S. District Judge