IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC, d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to reconsider ruling on plaintiffs' motion in limine to exclude late disclosed witnesses at to Gary Sauders. (DE # 538.) Plaintiffs filed a response in opposition. (DE # 544.)

In their motion in limine to exclude late-disclosed witnesses, plaintiffs identified Saunders as one of defendant's 49 late-disclosed witnesses. (DE # 412, at 3.) In its response to that motion, defendant argued that 21 of those witnesses should not be barred from testifying. (DE # 432.) Saunders was not one of those 21 witnesses. The court analyzed whether those 21 witnesses should be excluded, and as to the remainder of the witnesses, of which Saunders was one, the court held that they are barred from testifying under Rule 37(c)(1) unless the parties mutually agreed. (DE # 461.) Accordingly, defendant had the opportunity, in that response, to argue against the exclusion of Saunders, yet it failed to do so. A motion to reconsider is not an opportunity for a second bite at the apple. See Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (providing grounds for reconsideration under Rule 54(b): "a subsequent trial produc[ing] substantially different evidence"; (2) a change in applicable law; or (3) clear error

causing "manifest injustice") (internal quotation marks and citation omitted). Thus, the motion is DENIED.

This 28 February 2019.

_____
W. Earl Britt
Senior U.S. District Judge