IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-182-BR

| | |
|---|---|
| WOODELL MCGOWAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC, d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to reconsider the exclusion of Johnny Williams as a witness. (DE # 537.) Plaintiffs filed a response in opposition. (DE # 543.)

Defendant moves the court to reconsider its order denying defendant's motion to call Johnny Williams under Federal Rule of Civil Procedure 54(b) on the ground of "manifest injustice." (Def.'s Mot. Recons., DE # 537, at 2, 3.) In its initial motion, defendant sought to call an unlisted witness, or amend the pretrial order to add the witness, Williams, the "professional surveyor" who "performed the surveys that were the subject of Dr. [Shane] Rogers' testimony." (Def.'s Mem. Supp., DE # 525, at 3.) Defendant contends it needs to call Williams to rebut the testimony of Dr. Rogers that he "reviewed survey data pertaining to the Joey Carter Farm which led him to believe that Murphy-Brown's contract grower knowingly built the farm's lagoons in a 100-year flood plain." (Id. at 2, citing Rough Tr. 2/7/19 at 179:22-25-180:1-16.) In response, plaintiffs argue that "[d]efendant cannot claim surprise that [p]laintiffs argued the issues regarding the poorly sited hog farm and lagoon in the flood plain."

(Pl.s' Resp. Opp'n, DE # 543, at 1.) Plaintiffs contend defendant's calling of Williams, a witness "never listed in discovery or the [pretrial order,] would severely prejudice [p]laintiffs." (Id.)

Rule 54(b) governs a district court's ability to reconsider interlocutory orders. "A court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and citations omitted).

None of these circumstances are present here. The line of questioning defendant cites to in support of its motion proceeded without any contemporaneous objection. (See DE # 525-3, Rough Tr. 2/7/19 at 173-86.) A week later, defendant filed its initial motion, and now it raises the same arguments from its initial motion. Prior to entering its order denying defendant's motion to call Williams, the court reviewed Dr. Rogers' expert report, which included information and opinions regarding flooding at Joey Carter's property, prior testimony on the flood plain at Joey Carter's property, and Dr. Rogers' voir dire qualifications relevant to lagoon design and civil engineering. Given this review, the court found defendant's argument unavailing. The court will not revisit its earlier ruling, and the motion is DENIED.

This 28 February 2019.

_____
W. Earl Britt
Senior U.S. District Judge